

**CERTIFIED MAIL®**

7019 2280 0001 5138 0636

UNITED STATES POSTAGE
02 1P $ 008.05⁰
0001976394 JUN 15 2021
MAILED FROM ZIP CODE 28801

FROM:

**GRIMES ▪ TEICH ▪ ANDERSON** LLP
— Attorneys At Law —
535 COLLEGE STREET
ASHEVILLE, NC 28801

TO: SSC Waynesville Operating Co. LLC
d/b/a Haywood Nursing & Rehabilitation
Center
c/o Registered Agent, CT Corporation System
100 Mine Lake Ct., Ste. 200
Raleigh, NC 27615

# EXHIBIT 1

# GRIMES ■ TEICH ■ ANDERSON LLP

## —— ATTORNEYS AT LAW ——

S. JANSON GRIMES (ret.)
HENRY E. TEICH■●
SCOTT M. ANDERSON●✱
BRIAN A. BUCHANAN●
ANNA R. HAMRICK●■
JESSICA E. LEAVEN●
TOD M. LEAVEN●●
JEFFREY M. MARTIN✱
SENTA F. RHODES●
CHRISTIAN D. CONNOLLY●▲
DAVID C. HENSON●†

■ Board Certified Specialist in
  NC Workers' Compensation
● Licensed in NC
✦ Licensed in SC
▲ Licensed in MA
● Licensed in TN
† Of Counsel

535 COLLEGE STREET
ASHEVILLE, NC 28801

PHONE (828) 251-0800
FAX     (828) 210-0178

*www.GTALaw.net*

111 E. NORTH STREET
GREENVILLE, SC

244 PORTER STREET
FRANKLIN, NC

207 S. LIMESTONE STREET
GAFFNEY, SC

117 LAUREL DRIVE
RUTHERFORDTON, NC

12474 S. HIGHWAY 226
SPRUCE PINE, NC

385 N. HAYWOOD STREET
WAYNESVILLE, NC

*Office Consultation by Appointment Only*

REPLY TO: ASHEVILLE

June 15, 2021

SSC Waynesville Operating Company, LLC
d/b/a Haywood Nursing and Rehabilitation Center
c/o Registered Agent, CT Corporation System
160 Mine Lake Court, Suite 200
Raleigh, NC  27615

      RE:   Estate of Thomas v. Haywood Nursing and Rehabilitation et al.

Dear Registered Agent:

      Enclosed please find Plaintiff's Complaint, Summons, and First Set of Interrogatories, Request for Production and Requests for Admission in the above matter. Thank you.

            Very Truly Yours,

            GRIMES TEICH ANDERSON LLP

            Megan Riddle
            NCCP

SA/mr

# STATE OF NORTH CAROLINA

**HAYWOOD** _____ County

FILED

2021 JUN -7 AM 11: 35

HAYWOOD COUNTY, C.S.C.

| | |
|---|---|
| **File No.** | 21-CVS-405 |

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
KATHLEEN D. RODBERG, ADMINISTRATOR OF THE ESTATE OF DOROTHY LOU THOMAS

**Address**
535 College Street

**City, State, Zip**
Asheville                                    NC          28801Y

## CIVIL SUMMONS
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

**VERSUS**

G.S. 1A-1, Rules 3 and 4

**Name Of Defendant(s)**
SSC WAYNESVILLE OPERATING COMPANY LLC, d/b/a, HAYWOOD NURSING AND REHABILITATION CENTER, SAVASENIORCARE ADMINISTRATIVE AND CONSULTING, LLC, d/b/a HAYWOOD NURSING AND REHABILITATION CENTER; and SSC SPECIAL HOLDINGS LLC

**Date Original Summons Issued**
04/19/2021

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

| **Name And Address Of Defendant 1** | **Name And Address Of Defendant 2** |
|---|---|
| SSC WAYNESVILLE OPERATING COMPANY LLC, d/b/a, HAYWOOD NURSING AND REHABILITATION CENTER c/o Registered Agent, CT Corporation System 160 Mine Lake Court, Suite 200 Raleigh, NC 27615 | SAVASENIORCARE ADMINISTRATIVE AND CONSULTING, LLC c/o Registered Agent, CT Corporation System 160 Mine Lake Court, Suite 200 Raleigh, NC 27615 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| **Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)** | | |
|---|---|---|
| Scott M. Anderson GRIMES TEICH ANDERSON, LLP 535 College Street Asheville, NC 28801 | **Date Issued** 6/7/21 | **Time** 11:38   ☒ AM   ☐ PM |
| | **Signature** Cheryl A. Townsend | |
| | ☑ **Deputy CSC**   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement** | **Time**   ☐ AM   ☐ PM |
|---|---|---|
| | **Signature** | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows: **and Interrogatories, Requests for Production & Requests for Admissions**

## DEFENDANT 1

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM ☐ PM | | |

☐ By delivering to the defendant named above a copy of the summons and complaint. **served with discovery** ·

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein. **served with discovery**

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below. **served with discovery**

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM ☐ PM | | |

☐ By delivering to the defendant named above a copy of the summons and complaint. **served with discovery**

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein. **served with discovery**

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below. **served with discovery**

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF HAYWOOD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
*21* -CVS- *405*

KATHLEEN D. RODBERG,
ADMINISTRATOR OF THE ESTATE OF
DOROTHY LOU THOMAS,

        Plaintiff,

v.

SSC WAYNESVILLE OPERATING
COMPANY LLC, d/b/a, HAYWOOD
NURSING AND REHABILITATION
CENTER, SAVASENIORCARE
ADMINISTRATIVE AND CONSULTING,
LLC, d/b/a HAYWOOD NURSING AND
REHABILITATION CENTER; and SSC
SPECIAL HOLDINGS LLC,

        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
04/19/2021 @ 12:55 P
HAYWOOD COUNTY C.S.C.

By _____

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW PLAINTIFF, complaining of Defendants herein, and would respectfully show unto this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff's decedent, Dorothy Lou Thomas, formerly a resident of Haywood County, North Carolina, died on July 21, 2019; thereafter, the Plaintiff, Kathleen R. Rodberg, was duly qualified and appointed on January 6, 2021 as Administrator of the Estate of Dorothy Lou Thomas by the Clerk of Superior Court of Haywood County, North Carolina, (Case No: 2020 E 00599). The Plaintiff, Kathleen R. Rodberg, is now the duly qualified, appointed, and acting Administrator of the said Estate, and is a citizen and resident of Buncombe County, North Carolina.

2. Upon information and belief, the Defendant, SSC Waynesville Operating Company LLC (hereinafter "Defendant SSC Waynesville"), does business as Haywood Nursing and Rehabilitation Center, which is a nursing facility located at 516 Wall St. in Waynesville, North Carolina, with North Carolina State Nursing Home License No. NH0520.

3. Upon information and belief, the Defendant, SavaSeniorCare Administrative and Consulting, LLC (hereinafter "Defendant SavaSeniorCare"), does business as Haywood Nursing and Rehabilitation Center, which is a nursing facility located at 516 Wall St. in

Waynesville, North Carolina, with North Carolina State Nursing Home License No. NH0520.

4. Upon information and belief, the Defendant, SSC Special Holdings LLC (hereinafter "Defendant Special Holdings") is the parent company of Defendant SSC Waynesville and is a for-profit, limited liability company organized pursuant to the laws of a state other than the State of North Carolina and operates the aforementioned nursing facility in the State of North Carolina.

5. This Court is the Court of proper jurisdiction over all parties hereto and the subject matter hereof.

6. This Court is the Court of proper venue.

## FIRST CAUSE OF ACTION
### (Wrongful Death as to Defendants SSC Waynesville, SavaSeniorCare, and Special Holdings)

7. Plaintiff realleges each and every allegation contained in Paragraphs One (1) through Paragraph Six (6) as if fully restated herein.

8. Defendants SavaSeniorCare and SSC Waynesville were the express and implied agents of Defendant Special Holdings with regard to management of Haywood Nursing and Rehabilitation Center.

9. The negligent acts and omissions of employees of Defendant SavaSeniorCare, as agents of Defendant SavaSeniorCare, are imputed to their principal, Defendant SavaSeniorCare, under the laws of agency and *respondeat superior*.

10. The negligent acts and omissions of employees of Defendant SSC Waynesville, as agents of Defendant SSC Waynesville, are imputed to their principal, Defendant SSC Waynesville, under the laws of agency and *respondeat superior*.

11. The negligent acts and omissions of Defendant Special Holdings' employees, as agents of Defendant Special Holdings, are imputed to their principal, Defendant Special Holdings, under the laws of agency and *respondeat superior*.

12. The negligent acts and omissions of employees of Defendant SavaSeniorCare and Defendant SSC Waynesville, as agents of Defendant Special Holdings, are imputed to their principal, Defendant Special Holdings, under the laws of agency and *respondeat superior*

13. At all times relevant hereto, Defendant Special Holdings was involved in overseeing management of the nursing facility, shared management of the facility, and exercised control over operations, policies, procedures, and maintenance of the facility, such that Defendant Special Holdings is liable for the negligent acts and omissions of Defendants SavaSeniorCare and Defendant SSC Waynesville.

14. At all material times, Defendant SavaSeniorCare and Defendant SSC Waynesville do business as Haywood Nursing and Rehabilitation Center and owned and registered vehicles under Haywood Nursing and Rehabilitation Center.

15. At all times relevant hereto, Defendant SavaSeniorCare and Defendant SSC Waynesville were the registered owners, as Haywood Rehabilitation and Nursing Center, of the vehicle driven by an employee of Defendant SavaSeniorCare and Defendant SSC Waynesville (hereinafter "Employee Driver"), with the express or implied permission of Defendants.

16. On the 10th day of July 2019, the Employee Driver of Defendants was at Haywood Nursing and Rehabilitation Center at 516 Wall Street, Waynesville, North Carolina 28786, to pick up Plaintiff's decedent for transport in Defendant's transportation van.

17. The Employee Driver knew or should have known that Plaintiff used a wheelchair and that it was necessary to properly secure Plaintiff's decedent and her wheelchair with the four S hooks in accordance with the manufacturer's instructions for the Sure-Lok FF600 Retractor System. The Sure-Lok FF600 Retractor System was installed on the van and used for securing facility residents and their wheelchairs for safe transporter with a 2-point lap/shoulder belt.

18. Employee Driver failed to properly abide by the Sure-Lok FF600 Retractor System's manufacturer's instructions, and did not properly secure Plaintiff's decedent and her wheelchair with the four S hooks or the 2-point lap/shoulder belt before placing the transport van into gear and leaving Haywood Nursing and Rehabilitation Center

19. Employee Driver then proceeded to leave Haywood Nursing and Rehabilitation Center. When Employee Driver attempted to make a turn, Plaintiff's decedent and her wheelchair fell backwards and landed on the floor of the transport van, resulting in multiple injuries to Plaintiff that eventually resulted in Plaintiff decedent's death.

20. The injuries and damages herein suffered by the Plaintiff's decedent were a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and willful and wanton disregard by the Employee Driver and the other Defendants for the rights of the Plaintiff's decedent, in one or more of the following particulars:

      (a) In failing to secure Plaintiff's decedent and her wheelchair by the four S-hook system and the 2-point lap/shoulder belt installed in the transport van;

      (b) In failing to ensure Plaintiff's decedent and her wheelchair were properly secured by the four S-hook system and the 2-point lap/shoulder belt installed on the van prior to placing the transport van in motion;

      (c) In failing to make reasonable inspection of the Plaintiff's decedent and her wheelchair to ensure they were properly secured and to correct any unsafe and

hazardous conditions, which such inspection would have revealed, including, but not limited to, the S-hooks not being properly installed;

(d) In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

(e) In failing to properly secure Plaintiff's decedent and her wheelchair when Employee Driver knew, or should have known, that failing to do so would result in injury to others, and more particularly to Plaintiff's decedent; and

(f) In such other ways not specifically enumerated herein.

21. The negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct of the Employee Driver was a proximate cause of Plaintiff's decedent's injuries and death.

22. As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct, the Plaintiff's Decedent sustained severe and fatal injuries to and about her body; that expenses have been incurred for the funeral and burial services of the Decedent; that the Decedent's beneficiaries have lost the services, protection, care and assistance of the Decedent together with her society, companionship, comfort, guidance, kindly offers and advice.

23. Plaintiff is informed, believes, and therefore alleges, that she is entitled to recover on behalf of the beneficiaries of her Decedent from Defendant SavaSeniorCare, Defendant SSC Waynesville, and Defendant Special Holdings, jointly and severally, compensatory damages in an amount in excess of Twenty-Five Thousand ($25,000.00) dollars.

## SECOND CAUSE OF ACTION
**(Negligent, Grossly Negligent, Reckless, and Willful and Wanton Supervision and Training by Defendant SavaSeniorCare, Defendant SSC Waynesville, and Defendant Special Holdings)**

24. Plaintiff realleges each and every allegation contained in Paragraph One (1) through Paragraph Twenty-Three (23) as if fully restated herein.

25. On the 10th day of July 2019, the Employee Driver drove the vehicle registered by Defendant SavaSeniorCare and Defendant SSC Waynesville, under Haywood Nursing and Rehabilitation Center, to Haywood Nursing and Rehabilitation Center at 516 Wall Street, Waynesville, North Carolina 28786, to pick up Plaintiff's decedent for transport.

26. The Employee Driver knew or should have known that Plaintiff used a wheelchair and that it was necessary to properly secure Plaintiff's decedent and her wheelchair with the four S hooks in accordance with the manufacturer's instructions for the Sure-Lok FF600 Retractor System, the system which was installed on the van and used for securing facility residents and their wheelchairs for safe transport, nor with a 2-point lap/shoulder belt.

27. Employee Driver failed to properly abide by the Sure-Lok FF600 Retractor System's manufacturer's instructions and did not properly secure Plaintiff's decedent and her wheelchair with the four S hooks nor the 2-point lap/shoulder belt before placing the transport van into gear and leaving Haywood Nursing and Rehabilitation Center. Employee Driver also failed to ensure Plaintiff's decedent and her wheelchair were secured with the four S hooks and the 2-point lap/shoulder belt prior to putting the transport van into motion.

28. At about said time and place, Employee Driver then proceeded to leave Haywood Nursing and Rehabilitation Center. When Employee Driver attempted to make a turn, Plaintiff's decedent and her wheelchair fell backwards in the wheelchair and landed on the floor of the transport van, causing multiple injuries that resulted in Plaintiff decedent's death.

29. The injuries and damages herein suffered by the Plaintiff's decedent were a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and willful and wanton disregard by the Defendants for the rights of the Plaintiff's decedent, in one or more of the following particulars:

    (a) In failing to properly train, educate, supervise, and instruct Employee Driver in the safe transport and supervision of disabled passengers, in particular Plaintiff's decedent;

    (b) In failing to exercise that degree of care which a reasonable and prudent person or entity would have exercised under the same or similar circumstances;

    (c) In retaining Employee Driver as an employee given the Defendant Employee's inability to perform the job in a safe and reasonable manner; and

    (d) In such other ways not specifically enumerated herein.

30. The negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct of the Defendants was a proximate cause of Plaintiff's decedent's injuries and death.

31. As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct the Plaintiff has incurred medical expenses, funeral expenses, and suffered other losses and damages.

32. The Plaintiff is entitled to judgment against Defendant SavaSeniorCare, Defendant SSC Waynesville, and Defendant Special Holdings, jointly and severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars (25,000.00).

**WHEREFORE**, the Plaintiff prays unto the Court for the following relief:

(a) That the Plaintiff have and recover of the Defendants, jointly and severally, an amount in excess of $25,000.00 as compensatory damages for personal injuries with interest from the date of filing this action pursuant to N.C.G.S. § 25-5;

(b) That Plaintiff have a trial by jury as provided by law;

(c) That the costs of this action be taxed against the Defendants; and

(d) That Plaintiff have and recover such other relief as the Court may deem just, equitable and proper.

Respectfully submitted this the 14th day of April, 2021

GRIMES TEICH ANDERSON, LLP
Attorneys for Plaintiff

By:_____
    Scott M. Anderson
    NC Bar No.: 17263
    Senta F. Rhodes
    NC Bar No.: 51282
    535 College Street
    Asheville, NC 28801
    (828) 251-0800

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-405

KATHLEEN D. RODBERG,
ADMINISTRATOR OF THE ESTATE OF
DOROTHY LOU THOMAS,

     Plaintiff,

v.

SSC WAYNESVILLE OPERATING
COMPANY LLC, d/b/a, HAYWOOD
NURSING AND REHABILITATION
CENTER, SAVASENIORCARE
ADMINISTRATIVE AND CONSULTING,
LLC, d/b/a HAYWOOD NURSING AND
REHABILITATION CENTER; and SSC
SPECIAL HOLDINGS LLC,

     Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES, REQUESTS
FOR PRODUCTION, AND REQUESTS
FOR ADMISSIONS TO DEFENDANT
SSC WAYNESVILLE OPERATING
COMPANY, LLC**

**TO: Defendant SSC Waynesville Operating Company, LLC
   c/o Registered Agent, CT Corporation System
   160 Mine Lake Ct. Ste. 200
   Raleigh, NC 27615**

    Pursuant to Rules 26, 33, 34, and 36 of the North Carolina Rules of Civil Procedure, you are required to answer the following Interrogatories under oath and to produce the requested documents within forty-five (45) days of service upon you, and respond to the requests for admissions within sixty (60) days of service upon you, at the offices of Grimes Teich Anderson, LLP, 535 College Street, Asheville, NC 28801.

    These Interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26 of the North Carolina Rules of Civil Procedure.

## <u>DEFINITIONS</u>

    A.  Defendant is required, when answering these interrogatories, to furnish all information that is available to defendant, defendant's attorneys or agents, or anyone acting on behalf of defendant's attorneys or agents.

    B.  These Interrogatories are deemed to be continuing, such as to require defendant to

1

file and serve supplemental answers should defendant learn of additional information called for by these Interrogatories between the time defendant's answers are filed and the time of trial; said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

      C.     You are under a duty promptly to amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response(s) was incorrect when made or you know the response, though correct when made, is no longer true.

      D.     **"Identify,"** when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena *duces tecum* or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, and author.

      E.     **"Identify"** or **"identity,"** when used with respect to an individual, means to state the person's full name and any aliases now or previously used by such person, to state and identify the present occupation and principal business affiliation and any other business affiliation, present home address and business address or addresses, and present home telephone number and business telephone number.

      F.     The words **"document"** or **"documents,"** when used herein, shall include, without limitation, the original and any non-identical copy of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, memoranda, electronic mail, notes of meeting, telegrams, reports, transcripts of telephone conversations, photocopies, sound or pictorial recordings, videotapes, audiotapes, computerized information, books, pamphlets, letters, personal notes, personal diaries, personal calendars, telegraphic messages, carbon copies, electronic or mechanical transmission, data sheets, computer programs and related documents, files and indexes, reports, financial statements, canceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printing, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilm, microfiche, microprint, photographic negative, photograph, photographic print of slide, receipt, drawings, deposit slips, banking record, journal, account book, telephone log, telephone message record, time slip, or any other form of writing or record of any kind.

      G.     The terms **"Accident"**, and **"Incident"** refer to the Plaintiff's decedent falling backward in her wheelchair due to the lack of, or improper use of, the retractor system installed on the transportation van owned and operated by Haywood Nursing and Rehabilitation Center, which occurred in Haywood County, North Carolina, on July 10, 2019, and more particularly described in the Complaint filed in this matter.

      H.     **"Plaintiff"** refers to Plaintiff Kathleen D. Rodberg, administrator of the estate of Dorothy Lou Thomas.

      I.     **"Defendant"** refers to Defendant SSC Waynesville Operating Company, LLC.

## <u>INTERROGATORIES</u>

1.     State the name, address, and employer of the operator of the van ("Driver") involved in the Incident on July 10, 2019.

**ANSWER:**

2

2. Describe the nature of your relationship to and/or with Defendant SavaSeniorCare Administrative and Consulting, LLC.

**ANSWER:**

3. Describe the nature of your relationship to and/or with Defendant SSC Special Holdings LLC.

**ANSWER:**

4. State Defendant's knowledge of whether the person you named in Interrogatory 1 as the Driver ever had a driver's license suspended, canceled, revoked, or been denied the issuance of a driver's license for mental or physical reasons? If so, for each such occurrence, please state:

        (a) The date and state;
        (b) The reason therefor.

**ANSWER:**

5. Identify all handbooks, manuals, trainings, or training videos you required the Driver to review in order to perform in their job as a van driver.

**ANSWER:**

6. State whether the person you named in Interrogatory 1 as the Driver was the subject of any complaints, reprimands, warnings, etc., while employed by you for the period of five years prior to the Incident to the present.

**ANSWER:**

7. Set forth any and all safety policies, procedures, trainings, and requirements pertaining to transporting residents of your nursing home that were in effect at the time of the Incident.

**ANSWER:**

8. Set forth your policies and procedures for securing wheelchairs to a transport van in effect at the time of the Incident.

**ANSWER:**

9. State whether you provide safety training to drivers regarding operating the van and the equipment installed on the van. If so, please state if the person you named in Interrogatory 1 as the driver of the van was provided the safety training.

**ANSWER:**

3

10.     State all information that is given to drivers regarding the patrons they are assigned to pick up.

**ANSWER:**

11.     State the name of registered owner and the VIN number of the van involved in the incident on July 10, 2019.

**ANSWER:**

12.     State if and how often you had the van inspected. If so, please provide all records of the van's inspections for the three-year period prior to the Incident.

**ANSWER:**

13.     State whether the van was purchased with the Sure-Lok FF600 Retractor System installed in the van, or if you had the Sure-Lok FF600 Retractor System installed in the van after purchase.

**ANSWER:**

14.     State whether you were provided with instructions on how to operate and / or safely utilize the Sure-Lok FF600 Retractor System.

**ANSWER:**

15.     State whether you provided training to drivers who operated the van on how to safely use the Sure-Lok FF600 Retractor System. If so, please state if the person you named in Interrogatory 1 as the driver of the van was provided that training.

**ANSWER:**

16.     State if and how often you had the Sure-Lok FF600 Retractor System inspected. If so, please provide all records of the Sure-Lok FF600 Retractor System's inspections.

**ANSWER:**

17.     Describe in detail, the person you named in Interrogatory 1 as the driver of the van's, reported account regarding the Incident alleged in the Complaint occurred.

**ANSWER:**

18.     Do you deny that the incident was entirely the Driver's fault? If so, please state all facts upon which you base such denial, and the name, present or last known address, place of employment and telephone number of each person having knowledge, or claiming to have

4

knowledge, of any evidentiary facts which support or tend to support your denial of fault.

**ANSWER:**

19. Do you contend the Plaintiff herein caused or contributed in any way to the incident? If so, please state all facts upon which you base such contention and the name, present or last known address, place of employment and telephone number of each person having knowledge, or claiming to have knowledge, of any evidentiary facts which support or tend to support such contention.

**ANSWER:**

20. Please state the full name, address and telephone number of every person known to you, your agents, employees, attorneys, representatives, or other persons acting on your behalf, with any personal knowledge of any of the issues pertaining to liability or damages in this case, or who claims to have witnessed any portion of the incident, who claims to have any knowledge of said incident, or who was present at or near the location of the incident at the time of, or following the occurrence of the incident.

**ANSWER:**

21. Are you aware of the existence of any written or recorded statement made by the person you named in Interrogatory 1 as the driver of the van or any party or witness to the incident? If so, state:

> (a) The name of each person making the statement and the date said statement was made;
> (b) The name and last known address of the person now in possession of the original statement.

**ANSWER:**

22. Please identify any person or persons associated with or employed by Defendant to whom the person you named in Interrogatory 1 as the driver of the van provided a written or verbal account of the alleged incident of July 10, 2019, or of any facts and circumstances related to the incident, including but not limited to injuries that Plaintiff sustained. In addition to identifying the individuals to whom the incident was reported, please state the approximate date on which the notice was given, the manner in which such notice was given and state the response that you received from each individual.

**ANSWER:**

23. Please give a detailed outline of the Driver's pick up and drop offs on July 10, 2019, including that of Plaintiff. Please include times and locations of pick up and drop offs.

**ANSWER:**

5

24.     Please describe any and all persons who investigated this incident, including, but not limited to: Defendant or any agent or representative thereof, law enforcement, District Attorney's office, private investigators, or any other persons and please describe any reports, video recordings, audio recordings, documents, or other tangible items obtained or produced by said persons.

**ANSWER:**

25.     Please state the results of any and all drug or alcohol testing done on the person you named in Interrogatory 1 as the driver of the van, during their employment, including prior to and after the incident.

**ANSWER:**

26.     With regard to anything denied under Plaintiff's requests for admissions, please provide all facts upon which such denials are based.

**ANSWER:**

27.     Please identify any witness, expert or otherwise, you intend to call at trial, a summary of his/ her opinions, methods of calculations and basis for opinions, and any documentation generated by this person or relied upon by this person for their opinions.

**ANSWER:**

28.     If you or anyone acting in your behalf has performed, ordered, or coordinated any observations or surveillance of Plaintiff since the incident, please provide the date of such, the nature of such, and the activities observed and identify the persons conducting, coordinating and/or having knowledge of the surveillance or observations.

**ANSWER:**

29.     Please state whether or not at the time of the Incident herein you were covered with liability insurance whether primary, secondary, excess, or umbrella, and, if so, please state:

    (a)     The name of each insurer by whom you were covered and each policy number;
    (b)     The effective dates of coverage;
    (c)     Limits of each such liability coverage;
    (d)     Describe each vehicle or person covered by each such insurer and identify the particular insurer so covering;
    (e)     State the named insured in each such policy.

**ANSWER:**

## <u>REQUESTS FOR PRODUCTION</u>

6

1.      Produce the title or lease for the vehicle involved in the Incident.

**RESPONSE:**

2.      Any and all photographs in the care, custody, and/ or control of the Defendant of the van, or any part thereof, including the lift, involved in the incident complained of in the Complaint and/ or of the location of the incident.

**RESPONSE:**

3.      Any and all dispatch records, including audio recording, written transcriptions, and/or other written memorandum of such records for the day of July 10, 2019.

**RESPONSE:**

4. ·      Any and all video surveillance taken from the van on from July 10, 2019, including all angles and views, of both the outside and inside of the van, for the entirety of July 10, 2019. If such video no longer exists, please state why, and attach any written summary of the contents thereof, including informal emails containing such a summary.

**RESPONSE:**

5.      The full employee file in your possession, including but not limited to applications for employment, completed training(s), driver's license, driving record, personnel reviews, and bad disciplinary record(s) for the person you identified as the Driver in Interrogatory 1.

**RESPONSE:**

6.      All documentation, in your possession related to any statements relating to the incident, as referenced in Interrogatory #21.

**RESPONSE:**

7.      All documentation, in your possession related to any statements relating to the incident, as referenced in Interrogatory #22.

**RESPONSE:**

8.      Reports, video recordings, audio recordings, documents, or other tangible items in your possession of the Incident and any subsequent investigation.

**RESPONSE:**

9.      Any and all documents, including memorandum, reports, complaints, formal or informal, of any kind referencing the person you identified as the Driver in Interrogatory 1, for the

five-year period prior to the Incident to the present.

**RESPONSE:**

10. Copies of any and all liability, excess, or umbrella insurance policies providing coverage for the Incident described in the Complaint.

**RESPONSE:**

11. All inspection records for the van involved in the Incident for the five-year period leading up to the Incident to the present.

**RESPONSE:**

12. Copies of any and all statements previously made by any witness, Plaintiff, Defendant and/or the person you identified as the driver of the van in Interrogatory 1, concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by the plaintiff, Defendant, and/or the person you identified as the driver of the van in Interrogatory 1, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof by Plaintiff, Defendant, and/or the person you identified as the driver of the van in Interrogatory 1, about this lawsuit and contemporaneously recorded.

**RESPONSE:**

13. Produce any and all agreements or contracts between Defendant and Defendant SavaSeniorCare Administrative and Consulting, LLC, which were in place on July 10, 2019.

**RESPONSE:**

14. Produce any and all agreements or contracts between Defendant and Defendant SSC Special Holdings LLC, which were in place on July 10, 2019.

**RESPONSE:**

15. Produce any and all files, documents, applications, and/or other written documentation relating to Ms. Dorothy Lou Thomas's application and residency at Haywood Nursing and Rehabilitation Center.

**RESPONSE:**

16. Produce every video, security, and/or surveillance tape made at your or your counsel's request and/or in your or your counsel's possession of the Plaintiff.

**RESPONSE:**

17. Produce any and all pictures or video tapes of the Plaintiff in the care, custody, or

8

control of the Defendant.

**RESPONSE:**

18.     Produce all documents you received pursuant to subpoenas issued by you pertaining to this case.  (Continuing request).

**RESPONSE:**

19.     A current copy of the resume or curriculum vitae of each expert witness whom you either have designated or will designate to give expert testimony during the course of the trial in this cause.

**RESPONSE:**

20.     Produce all documents which you reviewed or referred to in preparing your answers to the Interrogatories which were served on you with this request.

**RESPONSE:**

21.     Produce the employment, discipline, medical, driver qualification records and any other document you have related to the person you identified as the driver of the van in Interrogatory 1, excluding their wage documents.

**RESPONSE:**

22.     Produce all documents you are relying on to support your contention that this action be subject to arbitration.

**RESPONSE:**

## REQUESTS FOR ADMISSIONS

You are requested to admit for the purpose of this action only the following within sixty (60) days after service hereof:

1.     Admit that at the time of the Incident, which is the subject of this lawsuit, Defendant owned the van.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

2.     Admit that at the time of the Incident, which is the subject of this lawsuit, Defendant employed persons to operate the van and all equipment installed on the van.

9

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

     3.    Admit that your negligence caused injury to Plaintiff's decedent.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

     4.    Admit that your negligence caused the death of Plaintiff's decedent.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

     5.    Admit that you have been duly and properly served with a copy of the Summons and Complaint in the above-captioned lawsuit pursuant to Rule 4 of the North Carolina Rules of Civil Procedure.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

     6.    Admit that the Court has jurisdiction over the parties and subject matter of this lawsuit.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

THIS the 15th day of June, 2021.

GRIMES TEICH ANDERSON, LLP
Attorneys for Plaintiff

By:_____
Scott M. Anderson
NC Bar No.: 17263
Senta F. Rhodes
NC Bar No.: 51282
535 College Street
Asheville, NC 28801
(828) 251-0800

10

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served **Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions to Defendant SSC Waynesville Operating Company, LLC** in the above-captioned action upon all other parties to this cause by depositing a copy hereof, postage prepaid, *Certified Mail Restricted Delivery, Return Receipt Requested* in the United States Mail, addressed as follows:

**Defendant SSC Waynesville Operating Company, LLC**
**c/o Registered Agent, CT Corporation System**
**160 Mine Lake Ct. Ste. 200**
**Raleigh, NC 27615**

THIS the 15th day of June, 2021.

GRIMES TEICH ANDERSON, LLP
Attorneys for Plaintiff

By:_____
Scott M. Anderson
NC Bar No.: 17263
Senta F. Rhodes
NC Bar No.: 51282
535 College Street
Asheville, NC 28801
(828) 251-0800

11







FROM:

**GRIMES ■ TEICH ■ ANDERSON** LLP
— Attorneys At Law —
535 COLLEGE STREET
ASHEVILLE, NC 28801

TO:
Sava Senior Care Administrative and
Consulting, LLC
c/o Registered Agent, CT Corporation System
100 Mine Lake Ct, Ste. 200
Raleigh, NC 27615

# GRIMES ■ TEICH ■ ANDERSON LLP

## — ATTORNEYS AT LAW —

S. JANSON GRIMES (ret.)
HENRY E. TEICH♦■
SCOTT M. ANDERSON♦ ✱
BRIAN A. BUCHANAN♦
ANNA R. HAMRICK♦■
JESSICA E. LEAVEN♦
TOD M. LEAVEN♦■
JEFFREY M. MARTIN ✱
SENTA F. RHODES♦
CHRISTIAN D. CONNOLLY♦▲
DAVID S. HENSON♦†

■ Board Certified Specialist in
   NC Workers' Compensation
♦ Licensed in NC
✱ Licensed in SC
▲ Licensed in MA
■ Licensed in TN
† Of Counsel

535 COLLEGE STREET
ASHEVILLE, NC 28801

PHONE (828) 251-0800
FAX     (828) 210-0178

*www.GTALaw.net*

111 E. NORTH STREET
GREENVILLE, SC

244 PORTER STREET
FRANKLIN, NC

207 S. LIMESTONE STREET
GAFFNEY, SC

117 LAUREL DRIVE
RUTHERFORDTON, NC

12474 S. HIGHWAY 226
SPRUCE PINE, NC

385 N. HAYWOOD STREET
WAYNESVILLE, NC

*Office Consultation by Appointment Only*
**REPLY TO: ASHEVILLE**

June 15, 2021

SavaSeniorCare Administrative and Consulting, LLC
c/o Registered Agent, CT Corporation System
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

RE:   Estate of Thomas v. Haywood Nursing and Rehabilitation et al.

Dear Registered Agent:

Enclosed please find Plaintiff's Complaint, Summons, and First Set of Interrogatories, Request for Production and Requests for Admission in the above matter. Thank you.

Very Truly Yours,

GRIMES TEICH ANDERSON LLP

Megan Riddle
NCCP

SA/mr

# STATE OF NORTH CAROLINA ꜰꞮ�early FILED

**HAYWOOD** County

2021 MAY -7 AM 11: 38

HAYWOOD COUNTY, C.S.C.

| | File No. |
|---|---|
| | 21-CVS-405 |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
KATHLEEN D. RODBERG, ADMINISTRATOR OF THE ESTATE OF DOROTHY LOU THOMAS

**Address**
535 College Street

**City, State, Zip**
Asheville          NC     28801

## CIVIL SUMMONS
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
SSC WAYNESVILLE OPERATING COMPANY LLC, d/b/a, HAYWOOD NURSING AND REHABILITATION CENTER, SAVASENIORCARE ADMINISTRATIVE AND CONSULTING, LLC, d/b/a HAYWOOD NURSING AND REHABILITATION CENTER; and SSC SPECIAL HOLDINGS LLC

**Date Original Summons Issued**
04/19/2021

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| SSC WAYNESVILLE OPERATING COMPANY LLC, d/b/a, HAYWOOD NURSING AND REHABILITATION CENTER c/o Registered Agent, CT Corporation System 160 Mine Lake Court, Suite 200 Raleigh, NC 27615 | SAVASENIORCARE ADMINISTRATIVE AND CONSULTING, LLC c/o Registered Agent, CT Corporation System 160 Mine Lake Court, Suite 200 Raleigh, NC 27615 |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Scott M. Anderson GRIMES TEICH ANDERSON, LLP 535 College Street Asheville, NC 28801 | 5/7/21 | 11:38 ☒ AM ☐ PM |

**Signature**
Cheryl Townsend

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time |
|---|---|
| | ☐ AM ☐ PM |

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

<table>
<tr><td>█████████████</td><td>**RETURN OF SERVICE**</td><td>██████████████████</td></tr>
</table>

I certify that this Summons and a copy of the complaint were received and served as follows: **and Interrogatories, Requests for Production & Requests for Admissions**

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint. **served with discovery**

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein. **served with discovery**

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below. **served with discovery**

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint. **served with discovery**

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein. **served with discovery**

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below. **served with discovery**

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF HAYWOOD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 -CVS- 405

KATHLEEN D. RODBERG,
ADMINISTRATOR OF THE ESTATE OF
DOROTHY LOU THOMAS,

Plaintiff,

v.

SSC WAYNESVILLE OPERATING
COMPANY LLC, d/b/a, HAYWOOD
NURSING AND REHABILITATION
CENTER, SAVASENIORCARE
ADMINISTRATIVE AND CONSULTING,
LLC, d/b/a HAYWOOD NURSING AND
REHABILITATION CENTER; and SSC
SPECIAL HOLDINGS LLC,

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
04/19/2021 @ 12:55 pm
HAYWOOD COUNTY C.S.C.

By _____

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW PLAINTIFF, complaining of Defendants herein, and would respectfully show
unto this Honorable Court as follows:

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1. Plaintiff's decedent, Dorothy Lou Thomas, formerly a resident of Haywood County, North
Carolina, died on July 21, 2019; thereafter, the Plaintiff, Kathleen R. Rodberg, was duly
qualified and appointed on January 6, 2021 as Administrator of the Estate of Dorothy Lou
Thomas by the Clerk of Superior Court of Haywood County, North Carolina, (Case No:
2020 E 00599). The Plaintiff, Kathleen R. Rodberg, is now the duly qualified, appointed,
and acting Administrator of the said Estate, and is a citizen and resident of Buncombe
County, North Carolina.

2. Upon information and belief, the Defendant, SSC Waynesville Operating Company LLC
(hereinafter "Defendant SSC Waynesville"), does business as Haywood Nursing and
Rehabilitation Center, which is a nursing facility located at 516 Wall St. in Waynesville,
North Carolina, with North Carolina State Nursing Home License No. NH0520.

3. Upon information and belief, the Defendant, SavaSeniorCare Administrative and
Consulting, LLC (hereinafter "Defendant SavaSeniorCare"), does business as Haywood
Nursing and Rehabilitation Center, which is a nursing facility located at 516 Wall St. in

Waynesville, North Carolina, with North Carolina State Nursing Home License No. NH0520.

4. Upon information and belief, the Defendant, SSC Special Holdings LLC (hereinafter "Defendant Special Holdings") is the parent company of Defendant SSC Waynesville and is a for-profit, limited liability company organized pursuant to the laws of a state other than the State of North Carolina and operates the aforementioned nursing facility in the State of North Carolina.

5. This Court is the Court of proper jurisdiction over all parties hereto and the subject matter hereof.

6. This Court is the Court of proper venue.

## FIRST CAUSE OF ACTION
### (Wrongful Death as to Defendants SSC Waynesville, SavaSeniorCare, and Special Holdings)

7. Plaintiff realleges each and every allegation contained in Paragraphs One (1) through Paragraph Six (6) as if fully restated herein.

8. Defendants SavaSeniorCare and SSC Waynesville were the express and implied agents of Defendant Special Holdings with regard to management of Haywood Nursing and Rehabilitation Center.

9. The negligent acts and omissions of employees of Defendant SavaSeniorCare, as agents of Defendant SavaSeniorCare, are imputed to their principal, Defendant SavaSeniorCare, under the laws of agency and *respondeat superior*.

10. The negligent acts and omissions of employees of Defendant SSC Waynesville, as agents of Defendant SSC Waynesville, are imputed to their principal, Defendant SSC Waynesville, under the laws of agency and *respondeat superior*.

11. The negligent acts and omissions of Defendant Special Holdings' employees, as agents of Defendant Special Holdings, are imputed to their principal, Defendant Special Holdings, under the laws of agency and *respondeat superior*.

12. The negligent acts and omissions of employees of Defendant SavaSeniorCare and Defendant SSC Waynesville, as agents of Defendant Special Holdings, are imputed to their principal, Defendant Special Holdings, under the laws of agency and *respondeat superior*

13. At all times relevant hereto, Defendant Special Holdings was involved in overseeing management of the nursing facility, shared management of the facility, and exercised control over operations, policies, procedures, and maintenance of the facility, such that Defendant Special Holdings is liable for the negligent acts and omissions of Defendants SavaSeniorCare and Defendant SSC Waynesville.

14. At all material times, Defendant SavaSeniorCare and Defendant SSC Waynesville do business as Haywood Nursing and Rehabilitation Center and owned and registered vehicles under Haywood Nursing and Rehabilitation Center.

15. At all times relevant hereto, Defendant SavaSeniorCare and Defendant SSC Waynesville were the registered owners, as Haywood Rehabilitation and Nursing Center, of the vehicle driven by an employee of Defendant SavaSeniorCare and Defendant SSC Waynesville (hereinafter "Employee Driver"), with the express or implied permission of Defendants.

16. On the 10th day of July 2019, the Employee Driver of Defendants was at Haywood Nursing and Rehabilitation Center at 516 Wall Street, Waynesville, North Carolina 28786, to pick up Plaintiff's decedent for transport in Defendant's transportation van.

17. The Employee Driver knew or should have known that Plaintiff used a wheelchair and that it was necessary to properly secure Plaintiff's decedent and her wheelchair with the four S hooks in accordance with the manufacturer's instructions for the Sure-Lok FF600 Retractor System. The Sure-Lok FF600 Retractor System was installed on the van and used for securing facility residents and their wheelchairs for safe transporter with a 2-point lap/shoulder belt.

18. Employee Driver failed to properly abide by the Sure-Lok FF600 Retractor System's manufacturer's instructions, and did not properly secure Plaintiff's decedent and her wheelchair with the four S hooks or the 2-point lap/shoulder belt before placing the transport van into gear and leaving Haywood Nursing and Rehabilitation Center

19. Employee Driver then proceeded to leave Haywood Nursing and Rehabilitation Center. When Employee Driver attempted to make a turn, Plaintiff's decedent and her wheelchair fell backwards and landed on the floor of the transport van, resulting in multiple injuries to Plaintiff that eventually resulted in Plaintiff decedent's death.

20. The injuries and damages herein suffered by the Plaintiff's decedent were a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and willful and wanton disregard by the Employee Driver and the other Defendants for the rights of the Plaintiff's decedent, in one or more of the following particulars:

      (a) In failing to secure Plaintiff's decedent and her wheelchair by the four S-hook system and the 2-point lap/shoulder belt installed in the transport van;

      (b) In failing to ensure Plaintiff's decedent and her wheelchair were properly secured by the four S-hook system and the 2-point lap/shoulder belt installed on the van prior to placing the transport van in motion;

      (c) In failing to make reasonable inspection of the Plaintiff's decedent and her wheelchair to ensure they were properly secured and to correct any unsafe and

hazardous conditions, which such inspection would have revealed, including, but not limited to, the S-hooks not being properly installed;

(d) In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

(e) In failing to properly secure Plaintiff's decedent and her wheelchair when Employee Driver knew, or should have known, that failing to do so would result in injury to others, and more particularly to Plaintiff's decedent; and

(f) In such other ways not specifically enumerated herein.

21. The negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct of the Employee Driver was a proximate cause of Plaintiff's decedent's injuries and death.

22. As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct, the Plaintiff's Decedent sustained severe and fatal injuries to and about her body; that expenses have been incurred for the funeral and burial services of the Decedent; that the Decedent's beneficiaries have lost the services, protection, care and assistance of the Decedent together with her society, companionship, comfort, guidance, kindly offers and advice.

23. Plaintiff is informed, believes, and therefore alleges, that she is entitled to recover on behalf of the beneficiaries of her Decedent from Defendant SavaSeniorCare, Defendant SSC Waynesville, and Defendant Special Holdings, jointly and severally, compensatory damages in an amount in excess of Twenty-Five Thousand ($25,000.00) dollars.

## SECOND CAUSE OF ACTION
### (Negligent, Grossly Negligent, Reckless, and Willful and Wanton Supervision and Training by Defendant SavaSeniorCare, Defendant SSC Waynesville, and Defendant Special Holdings)

24. Plaintiff realleges each and every allegation contained in Paragraph One (1) through Paragraph Twenty-Three (23) as if fully restated herein.

25. On the 10th day of July 2019, the Employee Driver drove the vehicle registered by Defendant SavaSeniorCare and Defendant SSC Waynesville, under Haywood Nursing and Rehabilitation Center, to Haywood Nursing and Rehabilitation Center at 516 Wall Street, Waynesville, North Carolina 28786, to pick up Plaintiff's decedent for transport.

26. The Employee Driver knew or should have known that Plaintiff used a wheelchair and that it was necessary to properly secure Plaintiff's decedent and her wheelchair with the four S hooks in accordance with the manufacturer's instructions for the Sure-Lok FF600 Retractor System, the system which was installed on the van and used for securing facility residents and their wheelchairs for safe transport, nor with a 2-point lap/shoulder belt.

27. Employee Driver failed to properly abide by the Sure-Lok FF600 Retractor System's manufacturer's instructions and did not properly secure Plaintiff's decedent and her wheelchair with the four S hooks nor the 2-point lap/shoulder belt before placing the transport van into gear and leaving Haywood Nursing and Rehabilitation Center. Employee Driver also failed to ensure Plaintiff's decedent and her wheelchair were secured with the four S hooks and the 2-point lap/shoulder belt prior to putting the transport van into motion.

28. At about said time and place, Employee Driver then proceeded to leave Haywood Nursing and Rehabilitation Center. When Employee Driver attempted to make a turn, Plaintiff's decedent and her wheelchair fell backwards in the wheelchair and landed on the floor of the transport van, causing multiple injuries that resulted in Plaintiff decedent's death.

29. The injuries and damages herein suffered by the Plaintiff's decedent were a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, and willful and wanton disregard by the Defendants for the rights of the Plaintiff's decedent, in one or more of the following particulars:

    (a) In failing to properly train, educate, supervise, and instruct Employee Driver in the safe transport and supervision of disabled passengers, in particular Plaintiff's decedent;

    (b) In failing to exercise that degree of care which a reasonable and prudent person or entity would have exercised under the same or similar circumstances;

    (c) In retaining Employee Driver as an employee given the Defendant Employee's inability to perform the job in a safe and reasonable manner; and

    (d) In such other ways not specifically enumerated herein.

30. The negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct of the Defendants was a proximate cause of Plaintiff's decedent's injuries and death.

31. As a direct and proximate result of Defendants' negligence, gross negligence, carelessness, recklessness, and willful and wanton conduct the Plaintiff has incurred medical expenses, funeral expenses, and suffered other losses and damages.

32. The Plaintiff is entitled to judgment against Defendant SavaSeniorCare, Defendant SSC Waynesville, and Defendant Special Holdings, jointly and severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars (25,000.00).

**WHEREFORE**, the Plaintiff prays unto the Court for the following relief:

(a) That the Plaintiff have and recover of the Defendants, jointly and severally, an amount in excess of $25,000.00 as compensatory damages for personal injuries with interest from the date of filing this action pursuant to N.C.G.S. § 25-5;

(b) That Plaintiff have a trial by jury as provided by law;

(c) That the costs of this action be taxed against the Defendants; and

(d) That Plaintiff have and recover such other relief as the Court may deem just, equitable and proper.

Respectfully submitted this the 14th day of April, 2021

GRIMES TEICH ANDERSON, LLP
Attorneys for Plaintiff

By:_____
Scott M. Anderson
NC Bar No.: 17263
Senta F. Rhodes
NC Bar No.: 51282
535 College Street
Asheville, NC 28801
(828) 251-0800

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21-CVS-405

KATHLEEN D. RODBERG,
ADMINISTRATOR OF THE ESTATE OF
DOROTHY LOU THOMAS,

          Plaintiff,

v.

SSC WAYNESVILLE OPERATING
COMPANY LLC, d/b/a, HAYWOOD
NURSING AND REHABILITATION
CENTER, SAVASENIORCARE
ADMINISTRATIVE AND CONSULTING,
LLC, d/b/a HAYWOOD NURSING AND
REHABILITATION CENTER; and SSC
SPECIAL HOLDINGS LLC,

          Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES, REQUESTS
FOR PRODUCTION, AND REQUESTS
FOR ADMISSIONS TO DEFENDANT
SAVASENIORCARE
ADMINISTRATIVE AND
CONSULTING, LLC**

**TO:** **Defendant SavaSeniorCare Administrative and Consulting, LLC**
       **c/o Registered Agent, CT Corporation System**
       **160 Mine Lake Ct. Ste. 200**
       **Raleigh, NC 27615**

      Pursuant to Rules 26, 33, 34, and 36 of the North Carolina Rules of Civil Procedure, you are required to answer the following Interrogatories under oath and to produce the requested documents within forty-five (45) days of service upon you, and respond to the requests for admissions within sixty (60) days of service upon you, at the offices of Grimes Teich Anderson, LLP, 535 College Street, Asheville, NC 28801.

      These Interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26 of the North Carolina Rules of Civil Procedure.

## DEFINITIONS

      A.    Defendant is required, when answering these interrogatories, to furnish all information that is available to defendant, defendant's attorneys or agents, or anyone acting on behalf of defendant's attorneys or agents.

      B.    These Interrogatories are deemed to be continuing, such as to require defendant to

1

file and serve supplemental answers should defendant learn of additional information called for by these Interrogatories between the time defendant's answers are filed and the time of trial; said supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

C. You are under a duty promptly to amend prior responses to these Interrogatories if you obtain information upon the basis of which you know the response(s) was incorrect when made or you know the response, though correct when made, is no longer true.

D. **"Identify,"** when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a subpoena *duces tecum* or in a motion for production of such document, including, but not limited to, the type of document (e.g., "letter"), date, and author.

E. **"Identify"** or **"identity,"** when used with respect to an individual, means to state the person's full name and any aliases now or previously used by such person, to state and identify the present occupation and principal business affiliation and any other business affiliation, present home address and business address or addresses, and present home telephone number and business telephone number.

F. The words **"document"** or **"documents,"** when used herein, shall include, without limitation, the original and any non-identical copy of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, memoranda, electronic mail, notes of meeting, telegrams, reports, transcripts of telephone conversations, photocopies, sound or pictorial recordings, videotapes, audiotapes, computerized information, books, pamphlets, letters, personal notes, personal diaries, personal calendars, telegraphic messages, carbon copies, electronic or mechanical transmission, data sheets, computer programs and related documents, files and indexes, reports, financial statements, canceled checks, drafts, certificates of deposit, invoices, accounting statements, tickets, expense records, vouchers, working papers, drafts of contracts, drafts of letters, charts, printing, airplane tickets, flight plans, income tax returns, phonograph records, maps, plats, microfilm, microfiche, microprint, photographic negative, photograph, photographic print of slide, receipt, drawings, deposit slips, banking record, journal, account book, telephone log, telephone message record, time slip, or any other form of writing or record of any kind.

G. The terms **"Accident"**, and **"Incident"** refer to the Plaintiff's decedent falling backward in her wheelchair due to the lack of, or improper use of, the retractor system installed on the transportation van owned and operated by Haywood Nursing and Rehabilitation Center, which occurred in Haywood County, North Carolina, on July 10, 2019, and more particularly described in the Complaint filed in this matter.

H. **"Plaintiff"** refers to Plaintiff Kathleen D. Rodberg, administrator of the estate of Dorothy Lou Thomas.

I. **"Defendant"** refers to Defendant SavaSeniorCare Administrative and Consulting, LLC.

## **INTERROGATORIES**

1. State the name, address, and employer of the operator of the van ("Driver") involved in the Incident on July 10, 2019.

**ANSWER:**

2

2.      Describe the nature of your relationship to and/or with Defendant SSC Waynesville Operating Company LLC.

**ANSWER:**

3.      Describe the nature of your relationship to and/or with Defendant SSC Special Holdings LLC.

**ANSWER:**

4.      State Defendant's knowledge of whether the person you named in Interrogatory 1 as the Driver ever had a driver's license suspended, canceled, revoked, or been denied the issuance of a driver's license for mental or physical reasons? If so, for each such occurrence, please state:

        (a)     The date and state;
        (b)     The reason therefor.

**ANSWER:**

5.      Identify all handbooks, manuals, trainings, or training videos you required the Driver to review in order to perform in their job as a van driver.

**ANSWER:**

6.      State whether the person you named in Interrogatory 1 as the Driver was the subject of any complaints, reprimands, warnings, etc., while employed by you for the period of five years prior to the Incident to the present.

**ANSWER:**

7.      Set forth any and all safety policies, procedures, trainings, and requirements pertaining to transporting residents of your nursing home that were in effect at the time of the Incident.

**ANSWER**:

8.      Set forth your policies and procedures for securing wheelchairs to a transport van in effect at the time of the Incident.

**ANSWER:**

9.      State whether you provide safety training to drivers regarding operating the van and the equipment installed on the van. If so, please state if the person you named in Interrogatory 1 as the driver of the van was provided the safety training.

3

**ANSWER:**

10.     State all information that is given to drivers regarding the patrons they are assigned to pick up.

**ANSWER:**

11.     State the name of registered owner and the VIN number of the van involved in the incident on July 10, 2019.

**ANSWER:**

12.     State if and how often you had the van inspected. If so, please provide all records of the van's inspections for the three-year period prior to the Incident.

**ANSWER:**

13.     State whether the van was purchased with the Sure-Lok FF600 Retractor System installed in the van, or if you had the Sure-Lok FF600 Retractor System installed in the van after purchase.

**ANSWER:**

14.     State whether you were provided with instructions on how to operate and / or safely utilize the Sure-Lok FF600 Retractor System.

**ANSWER:**

15.     State whether you provided training to drivers who operated the van on how to safely use the Sure-Lok FF600 Retractor System. If so, please state if the person you named in Interrogatory 1 as the driver of the van was provided that training.

**ANSWER:**

16.     State if and how often you had the Sure-Lok FF600 Retractor System inspected. If so, please provide all records of the Sure-Lok FF600 Retractor System's inspections.

**ANSWER:**

17.     Describe in detail, the person you named in Interrogatory 1 as the driver of the van's, reported account regarding the Incident alleged in the Complaint occurred.

**ANSWER:**

18.     Do you deny that the incident was entirely the Driver's fault? If so, please state all facts upon which you base such denial, and the name, present or last known address, place of

4

employment and telephone number of each person having knowledge, or claiming to have knowledge, of any evidentiary facts which support or tend to support your denial of fault.

**ANSWER:**

19.  Do you contend the Plaintiff herein caused or contributed in any way to the incident? If so, please state all facts upon which you base such contention and the name, present or last known address, place of employment and telephone number of each person having knowledge, or claiming to have knowledge, of any evidentiary facts which support or tend to support such contention.

**ANSWER:**

20.  Please state the full name, address and telephone number of every person known to you, your agents, employees, attorneys, representatives, or other persons acting on your behalf, with any personal knowledge of any of the issues pertaining to liability or damages in this case, or who claims to have witnessed any portion of the incident, who claims to have any knowledge of said incident, or who was present at or near the location of the incident at the time of, or following the occurrence of the incident.

**ANSWER:**

21.  Are you aware of the existence of any written or recorded statement made by the person you named in Interrogatory 1 as the driver of the van or any party or witness to the incident? If so, state:

        (a) The name of each person making the statement and the date said statement was made;

        (b) The name and last known address of the person now in possession of the original statement.

**ANSWER:**

22.  Please identify any person or persons associated with or employed by Defendant to whom the person you named in Interrogatory 1 as the driver of the van provided a written or verbal account of the alleged incident of July 10, 2019, or of any facts and circumstances related to the incident, including but not limited to injuries that Plaintiff sustained. In addition to identifying the individuals to whom the incident was reported, please state the approximate date on which the notice was given, the manner in which such notice was given and state the response that you received from each individual.

**ANSWER:**

23.  Please give a detailed outline of the Driver's pick up and drop offs on July 10, 2019, including that of Plaintiff. Please include times and locations of pick up and drop offs.

5

**ANSWER:**

24.     Please describe any and all persons who investigated this incident, including, but not limited to: Defendant or any agent or representative thereof, law enforcement, District Attorney's office, private investigators, or any other persons and please describe any reports, video recordings, audio recordings, documents, or other tangible items obtained or produced by said persons.

**ANSWER:**

25.     Please state the results of any and all drug or alcohol testing done on the person you named in Interrogatory 1 as the driver of the van, during their employment, including prior to and after the incident.

**ANSWER:**

26.     With regard to anything denied under Plaintiff's requests for admissions, please provide all facts upon which such denials are based.

**ANSWER:**

27.     Please identify any witness, expert or otherwise, you intend to call at trial, a summary of his/ her opinions, methods of calculations and basis for opinions, and any documentation generated by this person or relied upon by this person for their opinions.

**ANSWER:**

28.     If you or anyone acting in your behalf has performed, ordered, or coordinated any observations or surveillance of Plaintiff since the incident, please provide the date of such, the nature of such, and the activities observed and identify the persons conducting, coordinating and/or having knowledge of the surveillance or observations.

**ANSWER:**

29.     Please state whether or not at the time of the Incident herein you were covered with liability insurance whether primary, secondary, excess, or umbrella, and, if so, please state:

(a)     The name of each insurer by whom you were covered and each policy number;

(b)     The effective dates of coverage;

(c)     Limits of each such liability coverage;

(d)     Describe each vehicle or person covered by each such insurer and identify the particular insurer so covering;

(e)     State the named insured in each such policy.

**ANSWER:**

6

# REQUESTS FOR PRODUCTION

1.  Produce the title or lease for the vehicle involved in the Incident.

**RESPONSE:**

2.  Any and all photographs in the care, custody, and/ or control of the Defendant of the van, or any part thereof, including the lift, involved in the incident complained of in the Complaint and/ or of the location of the incident.

**RESPONSE:**

3.  Any and all dispatch records, including audio recording, written transcriptions, and/or other written memorandum of such records for the day of July 10, 2019.

**RESPONSE:**

4.  Any and all video surveillance taken from the van on from July 10, 2019, including all angles and views, of both the outside and inside of the van, for the entirety of July 10, 2019. If such video no longer exists, please state why, and attach any written summary of the contents thereof, including informal emails containing such a summary.

**RESPONSE:**

5.  The full employee file in your possession, including but not limited to applications for employment, completed training(s), driver's license, driving record, personnel reviews, and bad disciplinary record(s) for the person you identified as the Driver in Interrogatory 1.

**RESPONSE:**

6.  All documentation, in your possession related to any statements relating to the incident, as referenced in Interrogatory #21.

**RESPONSE:**

7.  All documentation, in your possession related to any statements relating to the incident, as referenced in Interrogatory #22.

**RESPONSE:**

8.  Reports, video recordings, audio recordings, documents, or other tangible items in your possession of the Incident and any subsequent investigation.

**RESPONSE:**

9.  Any and all documents, including memorandum, reports, complaints, formal or

7

informal, of any kind referencing the person you identified as the Driver in Interrogatory 1, for the five-year period prior to the Incident to the present.

**RESPONSE:**

10.     Copies of any and all liability, excess, or umbrella insurance policies providing coverage for the Incident described in the Complaint.

**RESPONSE:**

11.     All inspection records for the van involved in the Incident for the five-year period leading up to the Incident to the present.

**RESPONSE:**

12.     Copies of any and all statements previously made by any witness, Plaintiff, Defendant and/or the person you identified as the driver of the van in Interrogatory 1, concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by the plaintiff, Defendant, and/or the person you identified as the driver of the van in Interrogatory 1, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof by Plaintiff, Defendant, and/or the person you identified as the driver of the van in Interrogatory 1, about this lawsuit and contemporaneously recorded.

**RESPONSE:**

13.     Produce any and all agreements or contracts between Defendant and Defendant SSC Waynesville Operating Company LLC, which were in place on July 10, 2019.

**RESPONSE:**

14.     Produce any and all agreements or contracts between Defendant and Defendant SSC Special Holdings LLC, which were in place on July 10, 2019.

**RESPONSE:**

15.     Produce any and all files, documents, applications, and/or other written documentation relating to Ms. Dorothy Lou Thomas's application and residency at Haywood Nursing and Rehabilitation Center.

**RESPONSE:**

16.     Produce every video, security, and/or surveillance tape made at your or your counsel's request and/or in your or your counsel's possession of the Plaintiff.

**RESPONSE:**

8

17. Produce any and all pictures or video tapes of the Plaintiff in the care, custody, or control of the Defendant.

**RESPONSE:**

18. Produce all documents you received pursuant to subpoenas issued by you pertaining to this case. (Continuing request).

**RESPONSE:**

19. A current copy of the resume or curriculum vitae of each expert witness whom you either have designated or will designate to give expert testimony during the course of the trial in this cause.

**RESPONSE:**

20. Produce all documents which you reviewed or referred to in preparing your answers to the Interrogatories which were served on you with this request.

**RESPONSE:**

21. Produce the employment, discipline, medical, driver qualification records and any other document you have related to the person you identified as the driver of the van in Interrogatory 1, excluding their wage documents.

**RESPONSE:**

22. Produce all documents you are relying on to support your contention that this action be subject to arbitration.

**RESPONSE:**

## REQUESTS FOR ADMISSIONS

You are requested to admit for the purpose of this action only the following within sixty (60) days after service hereof:

1. Admit that at the time of the Incident, which is the subject of this lawsuit, Defendant owned the van.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

2. Admit that at the time of the Incident, which is the subject of this lawsuit, Defendant employed persons to operate the van and all equipment installed on the van.

9

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

      3.    Admit that your negligence caused injury to Plaintiff's decedent.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

      4.    Admit that your negligence caused the death of Plaintiff's decedent.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

      5.    Admit that you have been duly and properly served with a copy of the Summons and Complaint in the above-captioned lawsuit pursuant to Rule 4 of the North Carolina Rules of Civil Procedure.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

      6.    Admit that the Court has jurisdiction over the parties and subject matter of this lawsuit.

**ADMITTED:**
**DENIED:**
**REASON, IF DENIED:**

      THIS the __15TH__ day of __June__, 2021.

                              GRIMES TEICH ANDERSON, LLP
                              Attorneys for Plaintiff

                              By:_____
                              Scott M. Anderson
                              NC Bar No.: 17263
                              Senta F. Rhodes
                              NC Bar No.: 51282
                              535 College Street
                              Asheville, NC 28801
                              (828) 251-0800

10

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served **Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions to Defendant SavaSeniorCare Administrative and Consulting, LLC** in the above-captioned action upon all other parties to this cause by depositing a copy hereof, postage prepaid, *Certified Mail Restricted Delivery, Return Receipt Requested* in the United States Mail, addressed as follows:

**Defendant SavaSeniorCare Administrative and Consulting, LLC
c/o Registered Agent, CT Corporation System
160 Mine Lake Ct. Ste. 200
Raleigh, NC 27615**

THIS the 15ᵗʰ day of June, 2021.

GRIMES TEICH ANDERSON, LLP
Attorneys for Plaintiff

By:_____
    Scott M. Anderson
    NC Bar No.: 17263
    Senta F. Rhodes
    NC Bar No.: 51282
    535 College Street
    Asheville, NC 28801
    (828) 251-0800

11